UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5201-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in (1) finding that she does not meet a listing, (2) discounting her testimony, (3) failing to assess the lay evidence, and (4) assessing the medical opinion evidence.[1] (Dkt. # 10 at 2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings.

---

[1] Plaintiff argues that these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but these derivative errors need not be addressed separately. (Dkt. # 10 at 18-19.)

ORDER - 1

## II.  BACKGROUND

Plaintiff was born in 1979, has a high school diploma and some college education, and has worked as an administrative assistant, call center representative, and retirement counselor. AR at 64, 340-41. Plaintiff was last gainfully employed in May 2017. *Id.* at 340.

In February 2018, Plaintiff applied for benefits, alleging disability as of May 28, 2017. AR at 294-306. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 169-77, 183-201. After the ALJ conducted hearings in October and November 2019 (*id*. at 57-105), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 29-50.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6, 15-20. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   Plaintiff Has Not Established that the ALJ Erred at Step Three

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

In this case, the ALJ found, *inter alia*, that Plaintiff's mental impairments did not meet or equal Listings 12.04 or 12.15. AR at 33-34. Plaintiff contends that the medical opinion evidence indicates that Plaintiff has marked limitations in all of the relevant functional categories, and that she also has minimal capacity to adapt to changes in her environment or demands that are not already part of her daily life, and that the ALJ should have therefore found that she met or equaled a Listing. (Dkt. # 10 at 18.) Plaintiff does not identify any particular evidence that would support her interpretation, and the Court rejects the invitation to reweigh the evidence in the manner Plaintiff requests. Plaintiff has failed to meet her burden to show harmful legal error at step three, but the Court will nonetheless consider Plaintiff's specific arguments regarding the medical opinion evidence in the next section, *infra*.

ORDER - 3

**B.     The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of multiple medical opinions, each of which the Court will address in turn.[2]

*1.     Legal Standards*

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

*2.     Veronica Witkowski-Jones, MSW*

Ms. Witkowski-Jones treated Plaintiff from February 2019 through August 2019, and opined in October 2019 that Plaintiff's mood disturbances and trauma responses had resulted in disabling mental limitations since or before May 2017. AR at 1897-1900. The ALJ found this opinion unpersuasive because Ms. Witkowski-Jones did not reference treatment notes that support her conclusions, and her treatment relationship was "very short." *Id*. at 45. The ALJ also found that the longitudinal record contained many "fairly normal" mental findings, which were inconsistent with the marked and extreme limitations identified by Ms. Witkowski-Jones. *Id*.

Plaintiff contends that Ms. Witkowski-Jones's treatment notes, as well as the treatment notes of other providers, support and are consistent with Ms. Witkowski-Jones's opinion. (Dkt. # 10 at 4-5.) This argument is not supported by the record. Ms. Witkowski-Jones's treatment notes as well as the contemporaneous notes of others do not document the symptoms described

---

[2] This section of Plaintiff's opening brief also summarizes various medical findings that are not explicitly tied to any particular error in the ALJ's decision. (Dkt. # 10 at 9-13.) This order focuses on the errors explicitly identified in Plaintiff's briefing and will not address Plaintiff's summaries further.

ORDER - 4

in Ms. Witkowski-Jones's opinion. For example, although Ms. Witkowski-Jones indicated that Plaintiff experienced mania and suicidal ideation (AR at 1897), none of Ms. Witkowski-Jones's treatment notes nor the contemporaneous treatment notes documented either of these symptoms on an ongoing basis, nor do they describe other severe symptoms that would support the limitations described in the opinion.[3] Accordingly, the Court finds no error in the ALJ's finding that Ms. Witkowski-Jones's opinion was unsupported by clinical findings and inconsistent with the record.

        3.     *Michael Goodwin, M.D.*

Dr. Goodwin, a treating physician, wrote a letter in January 2018 indicating that Plaintiff's combination of symptoms, some of which were uncontrolled at that time, rendered her unable to work or seek work for six months. AR at 1061-62. The ALJ found this opinion to be unpersuasive because it is temporary and does not appear to intend to formally assess Plaintiff's abilities on a function-by-function basis. *Id*. at 45. The ALJ also found that the medical record contains "fairly normal findings, which is inconsistent with Dr. Goodwin's opinion[.]" *Id*. Lastly, the ALJ noted that Plaintiff applied for jobs during the period covered by Dr. Goodwin's opinion, and found that this activity undermines Dr. Goodwin's opinion that she was unable to look for work. *Id*.

Plaintiff contends that Dr. Goodwin's opinion was not temporary in nature because it was written after Plaintiff had been out of work for a year. (Dkt. # 10 at 5.) Dr. Goodwin opined that

---

[3] *See, e.g.*, AR at 1786 (Plaintiff reports she has not had a manic episode "in some time"), 1787 ("Other than sleep problems, [Plaintiff] is free of any distress today. There is no evidence of mania."), 1788 (Plaintiff denies suicidal ideation; says they are present "on occasion"), 1789 (reports experiencing flight of ideas, but not observed during appointment), 1791 (Plaintiff reports possible mania, medication is increased), 1795 (Plaintiff denies recent mania or hypomania), 1797 (Plaintiff reports stable mood, other than situational depression due to grandmother's poor health), 1808 (suicidal ideation denied), 1810 (no suicidal ideation, but Plaintiff feels more manic since medication was decreased), 1813 (no suicidal ideation), 1822-37 (Plaintiff's bipolar disorder described as mild or moderate in severity).

ORDER - 5

1   Plaintiff is "currently unable to work or to seek work" and that he has "expectation that this
2   episode of inability to work will last 6 months" (AR at 1061), which indeed fails to meet the
3   Social Security Act's twelve-month durational requirement. *See* 20 C.F.R. §§ 404.1505, 1509.
4   But even if the six-month period covered by Dr. Goodwin's opinion was combined with the year
5   of unemployment preceding Dr. Goodwin's opinion to satisfy the durational requirement, Dr.
6   Goodwin's opinion nonetheless fails to identify any particular functional limitations, which
7   renders it less probative to the ALJ's task in assessing Plaintiff's RFC. The ALJ did not err in
8   finding that the lack of supporting explanation rendered Dr. Goodwin's conclusions less
9   persuasive.
10         Finally, although Plaintiff notes that the Commissioner encourages claimants to engage in
11  vocational rehabilitation (dkt. # 10 at 6 (citing 20 C.F.R. § 404.327)), and thereby argues that the
12  ALJ erred in holding her job search activities against her, this argument is not persuasive. Dr.
13  Goodwin opined that Plaintiff was unable to seek work for six months, and the ALJ reasonably
14  found that Plaintiff's demonstrated ability to look for work during that time was inconsistent
15  with Dr. Goodwin's opinion. *See, e.g.*, AR at 1007 (Plaintiff interviewed for part-time job in
16  March 2018), 1015 (job interview in April 2018). Furthermore, the regulation cited by Plaintiff
17  related to vocational rehabilitation pertains to circumstances where a claimant's benefits can
18  continue even after his or her impairment is no longer disabling. *See* 20 C.F.R. § 404.327. This
19  regulation does not pertain to this situation, and does not indicate that an ALJ errs in considering
20  a claimant's job search activity under the facts of this case. Ninth Circuit authority confirms that
21  an ALJ properly considers a claimant's job search activity in evaluating whether he or she is
22  disabled. *See, e.g.*, *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding that an ALJ did
23

ORDER - 6

not err in relying on a claimant's unsuccessful attempts to find work as one reason to discount his allegation of disability).

Because the ALJ reasonably found Dr. Goodwin's opinion to be unsupported by specific explanation and inconsistent with the record, the ALJ did not err in finding it unpersuasive.

### 4. *Evidence Pre-Dating the Alleged Onset Date*

The record contains letters from physicians requesting modifications to Plaintiff's work schedule in the year before Plaintiff's alleged disability onset date. AR at 1711-13, 1718, 1720, 1730, 1762. The ALJ found them to be unpersuasive in part due to their timing, as well as because they were temporary in scope and did not describe specific functional limitations. *Id*. at 46.

Plaintiff does not dispute that these letters predate the alleged disability onset date, but argues that they[4] nonetheless demonstrate the longstanding nature of Plaintiff's conditions and indicate that Plaintiff's conditions cause her to miss work. (Dkt. # 10 at 8.) Plaintiff offers another interpretation of the evidence, but has not shown that the ALJ erred in finding that the letters were unpersuasive based on their timing, their temporal scope, and their failure to identify any particular functional limitations. All of these factors reasonably undermine the support for the letters, and the ALJ did not err in finding them unpersuasive on these bases.

---

[4] Plaintiff's briefing also refers, confusingly, to other evidence that predates the alleged onset date, in addition to the evidence found unpersuasive by the ALJ. (*See* dkt. # 10 at 8.) The ALJ did not discuss letters written by providers indicating that Plaintiff would miss work several times a week (AR at 1714, 1740), and the Commissioner argued in her response brief that this treatment was appropriate because the letters do not constitute a medical opinion. (Dkt. # 11 at 15.) Plaintiff did not clarify her assignment of error in her reply brief. (Dkt. # 12 at 3-4.) Because Plaintiff does not assign error to the ALJ's failure to discuss the work notes, this order reviews the ALJ's stated reasoning with respect to the evidence predating the alleged onset date.

ORDER - 7

### C. The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and explained that she discounted them because: (1) her allegations are inconsistent with the objective medical record, which documents normal or only mildly abnormal findings; (2) Plaintiff's symptoms improved with conservative treatment; and (3) Plaintiff's activities are inconsistent with her allegations. AR at 35, 43-44. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

First, Plaintiff accurately notes that an ALJ may not discount a claimant's testimony solely due to lack of objective corroboration (dkt. # 10 at 15), but, as delineated in the previous paragraph, the ALJ did not rely solely on lack of objective support.

Plaintiff next contends that the ALJ erred in suggesting that normal objective findings and conservative treatment are inconsistent with her allegations, because fibromyalgia-related allegations are fully consistent with normal objective findings and all treatment for fibromyalgia is conservative. (Dkt. # 10 at 15.) But the ALJ did not find that Plaintiff has fibromyalgia, nor does Plaintiff assign error to that finding. *See* AR at 32. Thus, any fibromyalgia-related arguments are irrelevant to the ALJ's assessment of Plaintiff's testimony.

Lastly, Plaintiff argues that the ALJ erred in interpreting treatment notes describing certain mental and physical symptoms as "stable" or "controlled" to mean that she was "symptom-free." (Dkt. # 10 at 15.) But the ALJ did not suggest that Plaintiff was "symptom-free," but instead found that Plaintiff's mental conditions caused significant physical and social limitations. *See* AR at 34. Plaintiff has not shown that the ALJ erred in finding that the record showed that Plaintiff's symptoms related to mood swings, diabetes, insomnia, asthma, and depression responded to treatment to the point that they were not disabling. *See id*. at 44.

ORDER - 8

Because Plaintiff has failed to meet her burden to show harmful legal error in the ALJ's assessment of her allegations, the Court declines to disturb this portion of the ALJ's decision.

### D.     The ALJ Erred With Respect to Lay Statements

The ALJ acknowledged that the record contained statements from Plaintiff's friends and fiancé (AR at 377-84, 413-15), but found that under the applicable regulations, such lay statements are "neither valuable nor persuasive." *Id*. at 47.

The ALJ is mistaken because no regulation provides that lay statements are neither valuable nor persuasive. The regulations provide that an ALJ need not assess the persuasiveness of lay evidence using the same criteria that applies to medical opinion evidence, but do not explicitly relieve an ALJ from the obligation of explaining why significant, probative lay evidence is rejected. *See* 20 C.F.R. 404.1520c(d), 416.920c(d); *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative").

Although the Commissioner contends that the ALJ "reasonably declined to explain how [she] considered the [lay] statements" (dkt. # 11 at 9), the ALJ did not merely decline to explicitly assess the lay statements. Instead, the ALJ stated incorrectly that the applicable regulations indicate that lay statements are inherently neither valuable nor persuasive. AR at 47. This inaccurate summary of the applicable regulations leaves the Court uncertain whether the ALJ considered the evidence and declined to explicitly assess it, or whether the ALJ refused to consider the evidence at all based on a mistaken understanding of the governing regulations. Under these circumstances, the Court declines to find the ALJ's error harmless and finds that further proceedings would serve the useful purpose of allowing the ALJ to consider the lay

ORDER - 9

statements anew under a correct apprehension of the applicable regulations. *See, e.g.*, *Roegner v. Comm'r of Soc. Sec. Admin.*, 2022 WL 1078906, at *6 (D. Ariz. Apr. 11, 2022).

### V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall consider the lay evidence in compliance with the applicable regulations and other governing authority.

Dated this 15th day of November, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge